Good morning, your honors. My name is James Edward Jones and I'm here on behalf of Appellant Ernest Harris. As the court may recall this case involves Mr. Harris's 1995 plea to two felonies and as part of that plea he admitted as part of the plea bargain a prior felony strike and a prior felony serious felony based on the same conviction out of Alameda County from a few years prior to that. It later came to light to Mr. Harris in 2002 that that prior felony was not a strike that the clerk had noted the wrong felony on the Alameda abstract. When you say it came to light doesn't he know what he's convicted of? Apparently not, your honor. The conviction was the same. It was Penal Code Section 220 and that's what he was told. He was told that it was a strike but Penal Code Section 220 as the court knows covers a variety of assault with intent to commit rape, assault with intent to commit sodomy. He was in the initial abstract listed as having committed assault with intent to commit rape when the actual conviction was for assault with intent to commit oral copulation which in 1995 was not a strike. But at the time that he was being prosecuted for his two new crimes he was told that it was assault the conviction was for assault with intent to commit rape. He was shown the abstract and entered the pleas based on that and it wasn't until 2002 that with the assistance of an attorney he found out that indeed the abstract was in there. He notified the Alameda court. The Alameda court corrected the abstract to correctly reflect assault with intent to commit oral copulation and then he filed it shortly thereafter the petition for writ of habeas corpus at Sacramento County Superior Court. That court unfortunately denied his petition but at the same time they re-sentenced him based on the serious and violent felony enhancement instead of the strike enhancement for reasons listed by the Superior Court. In that ruling the Sacramento Superior Court refused to the Alameda abstract was incorrect because the Sacramento Superior Court at that time for reasons unknown did not have a copy of the amended or revised Alameda abstract and Mr. Harris was in prison was unable to provide the copy he had at the time and it was inadvertently left out of his moving papers. Based on that Mr. Harris corrected that situation did submit the corrected Alameda abstract to the California Court of Appeals when he appealed the denial of his petition but the Court of Appeals summarily denied his petition without comment and as did the California Supreme Court. He was convicted of assault with intent to commit oral copulation. That's correct. Is that any different from attempted oral copulation? It is your honor. How is it different? Your attempted oral copulation could be. Is that a Viagra problem? Potentially your honor. Oral copulation could not, could involve, could involve, you know, committing a crime. At this point your honor. Well, could the first be less serious than the second? I believe so your honor. How? An assault doesn't even involve touching or an attempt involves making an affirmative action towards committing the crime. Well, if you're convicted of assault with intent then you've made an affirmative act toward the crime, haven't you? I mean assault you can't accomplish by not doing anything. You have to have some kind of affirmative action. It may not require a touching but requires some kind of action. It's not threatened assault or attempted assault. It's actual assault with intent. I'm having trouble finding out just how that crime is supposed to be less serious than attempted copulation. I apologize to the Court. I don't have an answer for you exactly as to the technical differences between assault with intent and committed copulation. Let me try something else. He pled guilty, in essence, for a fixed sentence, didn't he? 15 years? That's correct, your honor. How is this case any different from somebody who comes back later and says, you know, I really didn't assess how good the evidence was in this case. I could have gotten a better bargain, so I want to take it all back. We don't allow that. Why should we allow him to take it back here? I mean, he knew what he had done before. He knew better than anybody else. He might have misunderstood the implications of that. That isn't some reason that we ordinarily use to let somebody get out of a guilty plea, is it? It isn't, your honor. However, in this case, Mr. Harris did not realize that under California law, the assault with intent to commit or copulation was not a listed strike, and that that was the actual charge that he was convicted of. He was represented by counsel at that time, was he not? He was represented by counsel at the time of trial, correct, but What about at the sentencing? And at the sentencing. But at the trial and sentencing, the abstract in possession of trial counsel and the information trial counsel had was that he was convicted of attempt or assault with intent to commit rape. And trial counsel had no reason to know or understand that it was an incorrect abstract. Had trial counsel had an abstract that said Who is in the best position to tell him that's wrong? That would have been my client, Mr. Harris, your honor. So why isn't that your client's responsibility? Why is it he's allowed to pull out of a guilty plea if, in fact, the reason his counsel was misinformed is that he didn't properly inform him? Your honor, based on the abstract and based on the time period between the earlier conviction for assault with intent to commit or copulation and his new offense, my client knew that he had been convicted of penal code section 220, but did not He presumably knew what he did. So he would be in the best position to know what he was actually guilty of, if he was guilty of anything. I'm having trouble figuring out why it is he shouldn't be in the position to advise his own lawyer. And if he advised his own lawyer wrong, why should he be allowed to take back the guilty plea, which he offered in exchange for a fixed sentence, the sentence that he received? The answer to that, your honor, is that Mr. Harris, like all of us, is fallible. And he was operating off information presented to him by the government, by his lawyer, Mr. Harris. He assumed that that information was true, despite the fact that at the time of his earlier change of plea, it was for a different crime. It was a similar enough crime, based on the same code section, that he didn't know and was not able to advise or correct the abstract at the time. It wasn't until seven years later that, in research by another attorney, that it came to light that his conviction indeed was for a different crime that was not And as judges and treatises in California have stated, assault with intent, and I have cited them in my moving papers, assault with intent to commit or a copulation was not a strike in 1995. Mr. Jones, you have about two minutes left. Did you want to use them now, or do you want to reserve any rebuttal time? I would ask that that be reserved for rebuttal time. Thank you. Thank you, sir. May it please the Court, Justin Riley on behalf of the warden. Today, as he was the day he pled guilty, Harris stands convicted of charges and allegations he admitted in court and is serving the exact same sentence that he bargained for before he changed his plea. The prior abstract of judgment hints at different constitutional issues but is controlled by only one. He was represented by presumably competent counsel, he was notified of the charges against him, and he voluntarily and intelligently pled guilty. He may not collaterally attack that here today. Harris attempts to argue his plea was not intelligent because there was an incorrect abstract of judgment floating around for a prior crime. He – this doesn't affect any sort of notification under the Constitution. What the Constitution requires, based on clearly established Supreme Court precedent, is that he be notified of the charges against him. He was notified that he was pleading guilty to assault – I'm sorry. He was admitting the allegation that he was previously convicted of assault with intent to commit rape and that it was a strike and also a prior prison conviction, both of which he was alternatively sentenced for by the Supreme Court. What was the effect of the strike on the sentence or the potential sentence? The effect of the strike? It added about five years. Well, wouldn't that – normally you would expect it to affect the discussion amongst counsel. In this case, it resulted in an agreement, which is not uncommon. And the context of the discussion is usually influenced by what it is the defendant is facing in the event of conviction. Oh, absolutely. Well, wouldn't you expect that discussion to have been affected by the error in the abstract? Most definitely. Why doesn't that matter? Well, first of all, as the panel is pointing out, the duty lay ultimately with Mr. Harris to notify his attorney that I wasn't actually convicted of that. But here's a – Well, is it likely that somebody is going to know that there happened to be a difference at that time in the treatment as to whether or not it was a strike between a conviction with – for, what is it, assault with intent to rape as opposed to assault with intent to commit oral copulation? I mean, I doubt if most people would draw the kind of distinction that makes them realize that, gee, if I was just going to do the oral copulation, that's not nearly as bad under the law as the rape. So – I completely agree with you. Mr. Harris probably didn't know all the ramifications of pleading or admitting the allegation on one prior conviction or the other. But that's not what the Constitution requires. The notice requirement is just do you understand what the charge is and maybe the charges are. Understand what the nature of the charge is. Not necessarily that one or not the other will have certain effects. And the Court is presuming that how much of a sentence and what the charges were weighed heavily in the plea agreement. I agree with you. In Appellant's opening brief, I think he lists the charges there that he was originally charged with. And in the plea agreement – yes, see there at number 4, page 4. He was originally charged in – now, the Court may remember that this was a case that was joined. Basically, there was an incident or incidents that were sex-based, and then there were incidents in which the – Mr. Harris was incarcerated and assaulted police officers. Now, on page 4, there were counts 1, 2, and 3. Now, in the plea agreement, counts 1, kidnapping with the intent to commit rape, and counts 3, forcible rape, were dismissed. Now, as Mr. Harris was discussing this with his attorney, most likely he was looking at those dismissed charges, and it probably didn't matter that he was admitting to something that added 5 years when he was getting rid of something that probably got rid of a lot more than 5 years. I can't say what the construction of the sentence would be. Only that the prosecutor may have been giving up charges that the prosecutor planned to add at trial or allegations. We don't know what was happening during the plea agreement. Even aside from that, is my understanding correct that at the time of Harris's conviction, the California law held that an assault with intent to commit oral copulation necessarily included attempted oral copulation, and that at that point, that was included as a strike? Is that correct? That is my view. Obviously, opposing counsel disagrees with me. But here's what effect that has. If that is correct, then, in effect, he was not damaged in any way, even if you just take the mistake on its own without all the other aspects that you're considering. That's right. And more specifically, if I may, the Superior Court on Collateral Review, the trial court on collateral review, opined, just the principle we were discussing, that assault with intent to commit oral copulation was, in fact, a strike because it was the same thing as attempted oral copulation. Now, it had to opine because it didn't have the abstracted judgment in front of it. Now, the Superior Court on Collateral Review also opined that if Mr. Harris was correct that he was not actually convicted of that crime, it would have been a violation of California law. Now, in the appellate court, on review of that decision, Mr. Harris did attach the abstracted judgment showing the corrected previous conviction. Now, the appellate court denied the petition, denied review without comment. Now, we must presume that the appellate court reasonably rejected the claims. And a reasonable rejection of that claim would be to look at the corrected abstracted judgment, determine, just as the Superior Court had opined, that it was a violation of California law, and also determine, as the Superior Court had opined, that assault with intent to commit oral copulation was, indeed, a strike. So that's may sound convoluted, but that's really the issue here, isn't it, whether or not it was a strike, because if it wasn't a strike, then you really have no difference. But if the Superior Court, as we presume, and the court of appeals, we presume, acted reasonably and found that these were the same for purposes of determining that there was a strike, then Mr. Harris was not penalized in any way in connection with the sentence. That's true. And to support that, he agreed to a 15-year sentence, et cetera. That's my – actually, my alternative position, my primary position is that it doesn't matter if he actually was previously convicted of assault with intent to commit oral copulation or not. He admitted it after having been notified of the charges against him and having been advised by competent counsel. Unless the Court has any more questions, I'm prepared to submit it. Thank you, Mr. Harris. Thank you. Mr. Jones, you've got about two minutes left. Thank you, Your Honor. Now that I've regrouped, oral copulation and attempted oral copulation in California is not necessarily illegal. The crime back in 1995 that was a strike was oral copulation by force and violence. Now, attempted oral copulation is less than oral copulation by force and violence. And what would have been a strike back then would be attempted oral copulation by force and violence. And it's my argument, Your Honor, that assault with intent to commit oral copulation is a lesser crime than attempted – attempted oral copulation by force and violence. Now, I – But doesn't that fly in the face of People v. Saunders, the California case? I'm not – I'm not familiar. You're not familiar with that case? Okay. So it is Mr. Harris's position, it's our position that Mr. Harris did not know that the crime he was pleading to at the time was a strike. And therefore, his plea, his entry of plea was not intelligently made, and that when he was sentenced on that crime, he was again denied due process because he was sentenced on information that was not correct. It was not a strike. And I'm asking this Court to de novo review the elements of those crimes and find that that crime was not a strike. That according to – there is no case law in California that says that attempted oral copulation was a strike. There are treatises since published that indicate that it was not, and there – it was not a listed crime at the time, but it was later listed by law – by a change in the law to make it a strike. I think all those elements go in favor of my client's position that it was not a strike. Thank you, Mr. Jones. Mr. Dreily, thank you as well. The case does start. You just submitted it. Good morning, gentlemen.
judges: Silverman, Clifton, Smith M.